JOHNSON *v.* GILLEN.

TROVER AND CONVERSION—DAMAGES—INTEREST.
Where goods are wrongfully seized on execution and converted, and their owner brings trover, he is entitled to recover interest on their value from the date of the execution sale.

Error to Washtenaw; Kinne, J. Submitted April 5, 1905. (Docket No. 16.) Decided May 12, 1905.

Trover by Hans M. Johnson against John Gillen and others. There was judgment for plaintiff for less than the amount claimed, and he brings error. Reversed on condition.

*Murray & Storm* and *Frank E. Jones*, for appellant.

*Arthur Brown* and *M. J. Cavanaugh* (*T. A. Bogle*, of counsel), for appellees.

Hooker, J. The plaintiff, a student, left some personal effects with a lady in Ann Arbor, at whose house he boarded, and with one Lemon and others went to Europe, where he became indebted to Lemon. He was gone upwards of two years. Lemon returned within a few months, and a year or more later sued out a writ of attachment against plaintiff, under which the defendants seized and sold the goods upon execution subsequently issued. They were purchased by Lemon, who afterwards sold some of them and retained others. This action is trover, brought against the sheriff and his deputies who seized and sold the property. The court directed a verdict for the plaintiff, and the jury found in his favor the sum of $100. Upon motion the court rendered judgment therefor, but gave defendants a judgment for costs.

There are many assignments of error which we need not discuss, as the judgment must be reversed for the neglect of the court to direct the jury to give plaintiff interest upon the value of the goods unlawfully converted, as requested by the plaintiff's counsel. See *Rough* v. *Womer*, 76 Mich. 383.

The judgment will be reversed, and a new trial ordered, unless the defendants, with the consent of the plaintiff, shall elect to submit to a judgment for the amount of the verdict, with interest thereon from the date of the execution sale and costs. The plaintiff will recover costs of this court.

Carpenter, McAlvay, Grant, and Montgomery, JJ., concurred.